UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RON STUART MARTIN | : | CIVIL ACTION NO. 2:14-cv-417 |
| | | SEC. P |
| VS. | : | JUDGE MINALDI |
| AVOYELLES CORRECTIONAL CENTER | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is the application for a writ of *habeas corpus* (styled as a "motion for stay and abeyance"), [doc. 1], filed by *pro se* petitioner Ron Stuart Martin (hereafter, "petitioner"). For the following reasons, **IT IS RECOMMENDED** that the application be **DISMISSED WITHOUT PREJUDICE.**

**I. LAW & ANALYSIS**

Petitioner has not yet actually filed a *habeas corpus* application under 28 U.S.C. § 2254, although he states that he will do so after he exhausts his remedies in State court. Doc. 1; *see also* doc. 4. By petitioner's own admission, his State post-conviction remedies have not yet been exhausted. Therefore, this action should be dismissed without prejudice due to lack of exhaustion. 28 U.S.C. § 2254(b)(1).

By filing a "motion for stay and abeyance" in federal court, petitioner essentially seeks to preserve his claim from being barred under the one-year limitations period of 28 U.S.C. § 2244(d)(1). Doc. 1; *see also* doc. 4. The court is unable to grant that relief, as a *habeas* action filed in Federal court regarding unexhausted claims does not toll the limitations period. *See Duncan v. Walker,* 533 U.S. 167, 172–180 (2001).

Nevertheless, petitioner should note that the relief he seeks is largely unnecessary because it is already statutorily provided. 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted* toward [the one-year limitations period]." 28 U.S.C. 2244(d)(2) (emphasis added). Therefore, after petitioner exhausts his state post-conviction remedies and properly files a habeas application in Federal court, the court will review all relevant dates to determine the timeliness of the application. Under § 2244(d)(2), the time during which petitioner's State post-conviction proceedings were pending will not be counted.

## II. Conclusion

Accordingly, **IT IS RECOMMENDED** that petitioner's application be **DISMISSED, WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this report and recommendation have 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a

-3-

final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 10th day of April, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE